UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br> Plaintiff, <br> v. <br><br> APPROXIMATELY $37,000.00 IN U.S. CURRENCY, <br><br> Defendant. | 1:04-CV-06572-AWI-SMS <br><br> FINDINGS AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 16) |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(19) and 72-303. Pending before the Court is Plaintiff's motion for default judgment, which is set for hearing on October 14, 2005.

I. Background

On October 14, 2005, the matter came on regularly for hearing at 9:37 a.m. in the Courtroom of the Honorable Sandra M. Snyder, United States Magistrate Judge. Kristi C. Kapetan, Assistant United States Attorney, appeared on behalf of Plaintiff. There was no appearance on behalf of Defendant.

A verified complaint for forfeiture in rem was filed on November 18, 2004, which alleged that the Defendant currency was

1

subject to forfeiture because it was furnished or intended to be furnished in exchange for a controlled substance, was proceeds traceable to such an exchange, and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 et seq. It was further alleged that Defendant currency was subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), based on further allegations that on or about April 29, 2004, the currency was located at 2854 South Thompson in Sanger, California, during a search of the residence of Pam Nunthatee (Pam), wife of Mahesak Nunthatee, and of Mahesak Nunthatee (Mahesak), the lessee and cultivator of a field on which over 1,800 marijuana plants had been discovered growing nine days previously. Most of the money was found in a safe to which co-resident Pam indicated that only Mahesak had access; thirteen bags of marijuana were found on the property, as well as a loaded handgun, a shotgun, a spotting scope, night vision goggles, binoculars, and radio headsets. Although Pam claimed that $10,000 of cash belonging to her was in the safe in a black bag, the bag in the safe was empty. A narcotics canine positively alerted to the money. Storage facilities located at another site and leased to Mahesak were searched and revealed forty pounds of marijuana as well as items consistent with agricultural cultivation. On or about April 29, 2004, Mahesak was arrested for cultivation of marijuana, and he pleaded guilty on or about June 2, 2004, to a violation of Cal. Health & Saf. Code § 11358, cultivation of marijuana.

Plaintiff asserts that the Court issued a warrant of arrest in rem for the currency on November 18, 2004. However, Plaintiff

1 has not specifically identified the warrant as part of the record
2 of the Court as required by Local Rule 43-142. The Court notes
3 that the warrant appears in the Court's record between documents
4 2 and 3 of the Court's docket; it is not docketed as such.
5     On November 18, 2004, the Court ordered publication pursuant
6 to Rule C(4) of the Supplemental Rules of Certain Admiralty and
7 Maritime Claims, directing that notice of the action and arrest
8 be given in the Fresno Business Journal, a legal newspaper of
9 general circulation, including the Court, title and number of the
10 action; date of the arrest/seizure; identity and/or description
11 of the property arrested/seized; the name, address, and telephone
12 number of the attorney for Plaintiff; a statement that claims of
13 persons entitled to possession or claiming an interest pursuant
14 to Supplemental Rule C(6) of the Federal Rules of Admiralty must
15 be filed with the Clerk and served on the Plaintiff's attorney
16 within thirty days after the date of publication; a statement
17 that answers must be filed and served within twenty days after
18 the filing of the claim, and that in the absence thereof, default
19 might be entered and condemnation ordered; a statement that
20 applications for intervention under Fed. R. Civ. P. 24 by persons
21 claiming maritime liens or other interests should be filed within
22 the thirty days allowed for claims for possession; and the name,
23 address, and telephone number of the United States Marshal and/or
24 Department of Treasury.
25     On January 13, 2005, a declaration of publication was filed
26 that established notice of the arrest of November 24, 2004, and
27 publication of all other information as required by the Court's
28 order and by Local Rule A-530.

1  Declarations filed with the Court further establish
2 additional notice in the form of personal service of the
3 complaint, warrant and summons for arrest, application and order
4 for publication, and court notices upon Pam Nunthatee, wife of
5 Mahasek, on December 14, 2004 (Decl. of Tammy Teglia, and proof
6 of service attached, Doc. 9); upon Lamai Nunthatee on March 11,
7 2005 (Decl. of Autumn Magee, and proof of service attached, Doc.
8 12); and upon Mahesak by way of service upon Pam Nunthatee, wife
9 of Mahesak, a person of suitable age and discretion then residing
10 in Mahesak's usual place of abode, on March 11, 2005 (Decl. of
11 Autumn Magee, and proof of service attached, Doc. 14).
12 Supplemental declarations of Teglia and Magee filed on October
13 14, 2005, establish that Mahesak had actual notice of the
14 forfeiture proceeding within the time period for filing a claim.
15  The declarations submitted in connection with the
16 applications for default against Pam, Lamai, and Mahesak,
17 referred to above, establish that no claim or answer has been
18 filed on behalf of any of those individuals. A review of the
19 Court's docket shows that no claim or answer has been filed.
20 Defaults were entered against Pam on February 22, 2005; against
21 Lamai on May 6, 2005; and against Mahesak on June 10, 2005.
22  On August 18, 2005, Plaintiff filed an ex parte motion for
23 default judgment with a memorandum of points and authorities; a
24 proof of service establishes that it was served by mail on
25 Mahesak at the address last indicated in the record to have been
26 his usual place of residence (Docs. 17, 14). Supplemental points
27 and authorities were filed on September 12, 2005, with a proof of
28 service by mail on Mahesak.

4

II. <u>Default Judgment</u>

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where 1) the defendant has been served with the claim; 2) the defendant's default has been entered for failure to appear; 3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and 4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, <u>Draper v. Coombs</u>, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's substantive claim, <u>id.</u>; the sufficiency of the allegations in the complaint to support judgment, <u>Alan Neuman Productions, Inc.</u>, 862 F.2d at 1392; the amount in controversy, <u>Eitel v. McCool</u>, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, <u>id.</u>; whether the default was due to excusable neglect, <u>id.</u>; and the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, <u>id.</u>

With respect to default judgments in proceedings that are in

5

rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims (Supp. R.) apply, but the latter rules prevail if there is an inconsistency. Supp. R. A(1). Supp. R. C(1)(a) permits an action in rem to be brought whenever a statute of the United States provides for a proceeding analogous to a maritime action in rem. Title 21 U.S.C. § 881(d) provides that the provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws apply to forfeitures and seizures alleged to have been incurred under that subchapter.

Title 21 U.S.C. § 881(a)(6) provides that all money, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the subchapter, all proceeds traceable to such an exchange, and all moneys or any property used or intended to be used to facilitate any violation of the subchapter are subject to forfeiture to the United States, and no property right shall exist in them.

Tile 21 U.S.C. § 881(b) provides that any such property may be seized by the Attorney General in the manner set forth in 18 U.S.C. § 981(b).

III. <u>Analysis</u>

A. <u>Notice</u>

Civil forfeiture actions involving personal property are subject to the notice requirements of the Supplemental Rules for Certain Maritime and Admiralty Cases (Supp. R.), which in turn require the government to give notice of forfeiture proceedings

6

1  by publication. Supp. Rule C(4). Further, Local Rule A-530
2  governs the publication of notice of action and arrest, requiring
3  the information ordered by the Court herein in its order dated
4  November 18, 2004.
5       Further, the due process clause of the Fifth Amendment,
6  which confers a right to notice and an opportunity to be heard,
7  requires that with respect to known owners of the property whose
8  whereabouts are known, the government must employ such notice as
9  is reasonably calculated under all of the circumstances to
10 apprise the person of the pendency of the forfeiture. <u>United
11 States v. Real Property</u>, 135 F.3d 1312, 1315 (9th Cir. 1998);
12 <u>Dusenbery v. United States</u>, 534 U.S. 161, 168 (2002) (holding
13 that sending certified mail to the custodial institution where
14 the party was being held as well as to the residence where the
15 arrest occurred, and the address in the town where his mother
16 lived, satisfied due process even though it did not result in
17 actual notice to the person).
18      Further, Local Rule A-540(a) requires that a party seeking a
19 default judgment in an action in rem shall show to the
20 satisfaction of the Court that due notice of the action and
21 arrest of the property has been given by publication pursuant to
22 Local Rule A-530, and by personal service on the person having
23 custody of the property or on the person having custody prior to
24 its possession by a law enforcement agency or officer, and by
25 personal service or by certified mail, return receipt requested,
26 to every other person who has not appeared in the action and is
27 known to have an interest in the property; provided, that failure
28 to give actual notice to such other person may be excused upon a

satisfactory showing of diligent efforts to give such notice without success.

The Court finds that the required personal service has been effected on Pam, Lamai, and Mahesak Nunthatee.

### B. Default

A person who might claim an interest in or right against property that is the subject of a forfeiture action such as that before the Court must file a verified claim identifying the interest or right within thirty days after the earlier of 1) the date of service of the government's complaint, or 2) the completion of publication. Supp. R. C(6). A person who files a statement of interest or right must serve and file an answer within twenty days after filing the statement. Id.

Here, the declarations and the docket reveal that no claims, statements, or answers have been filed despite the completion of publication by December 6, 2004, and the service of the complaint at the latest on March 11, 2005. Thus, there has been a default, as reflected by the Clerk's entry of default against Pam, Lamai, and Mahesak. A failure to file a timely claim under Supp. R. C(6) precludes one from establishing statutory standing as a party to the forfeiture action. See United States v. Real Property, 135 F.3d 1312, 1317 (9th Cir. 1998).

### C. Sufficiency of the Complaint

The relevant portions of Supp. R. Adm. C(2) indicates that, in an action in rem, the complaint must:

    (a) be verified;
    (b) describe with reasonable particularity the property that is the subject of the action;
    . . .
    (d) in a forfeiture proceeding for violation of a federal

8

>statute, state: (i) the place of seizure and whether it was on land or on navigable waters; (ii) whether the property is within the district, and if the property is not within the district the statutory basis for the court's exercise of jurisdiction over the property; and (iii) all allegations required by the statute under which the action is brought.

Further, 18 U.S.C. § 984(a)(1) provides that it shall not be necessary for the government to identify the specific property involved in the offense that is the basis for the forfeiture in any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution, or precious metals.

Here, the complaint was verified, the property was described as United States currency of specified amounts, and the place of seizure and its location in the district was specified. (Cmplt. at 1-4.)

As to the allegations required by the statute under which the action is brought, 21 U.S.C. § 881(a)(6) renders subject to forfeiture currency furnished or intended to be furnished in exchange for a controlled substance, and all proceeds traceable to such an exchange and/or used or intended to be used to facilitate a violation of the subchapter, which includes manufacture, distribution, or possession with intent to manufacture or distribute marijuana, a Schedule I controlled substance, 21 U.S.C. §§ 812(c), 841(a). The complaint alleges that law enforcement officers located over 1,800 marijuana plants growing in a field tended by Mahesak, officers believed 4,000 marijuana plants had previously been harvested, many pounds of marijuana were found in locations controlled by Mahesak, and cash and guns were found as well. The currency was subject to a

9

positive alert by a drug canine, cultivation paraphernalia were also found with forty more pounds of marijuana in storage containers controlled by Mahesak, and Mahesak was arrested for possession, cultivation, and possession for sale as well as being armed. Mahesak pled guilty to cultivation of marijuana in state court.

Under the Civil Asset Forfeiture Reform Act (CAFRA), which applies to this case, the government must prove by a preponderance of evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). Further, the government must establish that there was a substantial connection between the property and the offense. § 983(c)(3).

Here, from the factual allegations of the complaint regarding the marijuana plants, cultivation paraphernalia and associated weapons, large amounts of cash, and canine alert to the cash, it may reasonably be inferred that Mahesak cultivated large quantities of a controlled substance, had harvested and intended to continue to harvest large quantities of the substance, and had already engaged in substantial sales transactions of the substances. The government showed by a preponderance of the evidence that the property, which was cash, constituted either proceeds of the sale of a controlled substance or was used or intended to be used to facilitate a violation of the subchapter; further, given the circumstances of its quantity, location, and discovery, the government established by a preponderance that the property seized was closely connected to the commission of an offense involving the controlled substance. See United States v. Currency, U.S., $42,500.00, 283 F.3d 977,

984 n.1 (9th Cir. 2002); <u>U.S. v. $10,700.00 in U.S. Currency</u>, 258 F.3d 215, 223 n. 6 (3d Cir. 2001). The substantive allegations of the complaint were sufficient to establish by a preponderance of the evidence that the property was subject to forfeiture.

### D. Judgment

Local Rule A-540(d) provides that upon a showing that no one has appeared to claim the property and give security, and that due notice of the action and arrest of the property has been given, a party may move for judgment at any time after the time for answer has expired; if no one has appeared, the party may have an ex parte hearing before the Court and judgment without further notice.

Here, no one has claimed an interest in the property or otherwise responded to the complaint despite adequate notice. It does not appear that there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in the property or of a dispute as to a material fact essential to the government's case. No just cause for delay appears. It is apparent from the declarations submitted to the Court that none of the potential claimants is an infant, incompetent, or member of the armed services. There does not appear to be any reason why the general policy in favor of a decision on the merits would warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that Plaintiff has shown its entitlement to a default judgment of forfeiture.

With respect to the form of the judgment, Plaintiff has established that it is entitled to a judgment against the property, <u>Waterloo Distilling Corp. v. U.S.</u>, 282 U.S. 577, 581

(1931), affecting the interests of all persons in the property, Hanson v. Denkla, 357 U.S. 235, 246 n.12 (1958).

## RECOMMENDATION

Accordingly, it IS RECOMMENDED that

1. Plaintiff's motion for default judgment BE GRANTED; and

2. Plaintiff IS ENTITLED to, and the Clerk SHOULD ENTER, a judgment that

    a) The interest/s of Pam Nunthatee, Lamai Nunthatee, and Mahesak Nunthatee in the Defendant property are condemned and forfeited to the United States of America; and

    b) The right, title, and interest of potential claimants Pam Nunthatee, Lamai Nunthatee, and Mahesak Nunthatee in the Defendant property are forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6), and are vested in the United States; and

    c) All persons claiming any right, title, or interest in or to the Defendant property have defaulted and no longer have any right, title, or interest in the Defendant property whatsoever; and

3. The Clerk ENTER final judgment of forfeiture for Plaintiff United States.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document

12

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 17, 2005                    /s/ Sandra M. Snyder**
icido3                                          UNITED STATES MAGISTRATE JUDGE

13